JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jennifer Basilio and Briana Basilio

**(b)** County of Residence of First Listed Plaintiff  CLARK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Leon Greenberg PC
2965 S. Jones Suite E3
Las Vegas, NV 89146  (702) 383-6085

### DEFENDANTS
Wallace Enterprises LLC, Marvin Wallace, SWS LLC and Ronald McMillan

County of Residence of First Listed Defendant  CLARK
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC sections 201-219
Brief description of cause:
This is a claim under the Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  9/12/2022
SIGNATURE OF ATTORNEY OF RECORD  *[signature]* L. Gonzales

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1  LEON GREENBERG, ESQ., SBN 8094
   RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
2  Leon Greenberg Professional Corporation
   2965 South Jones Blvd- Suite E3
3  Las Vegas, Nevada 89146
   (702) 383-6085
4  (702) 385-1827(fax)
   leongreenberg@overtimelaw.com
5
   Attorneys for Plaintiffs
6

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF NEVADA**

9

10

11
   JENNIFER BASILIO and BRIANNA        )      Case No.:
12 BASILIO, Individually and on behalf of )
   others similarly situated,           )
13                                       )      **COMPLAINT**
                 Plaintiffs,             )
14                                       )
   vs.                                   )
15                                       )
   WALLACE ENTERPRISES LLC,             )
16 MARVIN WALLACE, 5WS LLC and           )
   RONALD MCMILLAN,                      )
17                                       )
18              Defendants.              )
   _____      )
19

20

21         COMES NOW Plaintiffs, Jennifer Basilio and Brianna Basilio, Individually and

22 on behalf of others similarly situated, by and through their attorneys, Leon Greenberg

23 Professional Corporation, as and for a Complaint for Violation of the Fair Labor

24 Standards Act and Nevada State Law alleges as follows:

25

26            **JURISDICTION, PARTIES AND PRELIMINARY STATEMENT**

27         1.      This Court has original federal question jurisdiction over the claims

28 presented herein pursuant to the Act of June 25, 1938, ch 676, 52 Stat 1069, 29 USC

                                        1

Sections 201-219, known as the Fair Labor Standards Act ("the FLSA" or "the Act"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said act, as amended (29 U.S.C. § 216(b)).  The Court has supplemental jurisdiction over the State Law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

2.     The plaintiffs, Jennifer Basilio and Brianna Basilio, are currently residents and during all relevant times were residents of Clark County, Nevada, and are now former employees of the defendants.

3.     The defendant,  WALLACE ENTERPRISES LLC,  (one of the "Company Defendants") is a limited liability company existing and established pursuant to the laws of the State of Nevada with its principal place of business in the County of Clark, State of Nevada and conducts business in Nevada either directly or through one of the other defendants as its agent or alter ego.

4.     The defendant,  5WS LLC,  (one of the "Company Defendants") is a limited liability company existing and established pursuant to the laws of the State of Nevada with its principal place of business in the County of Clark, State of Nevada and conducts business in Nevada either directly or through one of the other defendants as its agent or alter ego.

5.     The defendants, MARVIN WALLACE and RONALD MCMILLAN, (individually Wallace and McMillan and collectively the "individual defendants") are the owners, managers, members, officers, directors and/or controlling agents of the company defendants and, as detailed herein, have acted as "employers or agents of an employer" of the plaintiffs and the putative FLSA collective action members within the meaning of the FLSA and are as a result fully liable for all claims made herein.

6.     Defendant Wallace is the sole owner of one or more of the company defendants.

7.     Defendant Wallace is a part owner of one or more of the company defendants.

8.     Defendant Wallace is the sole member of one or more of the company defendants.

9.     Defendant Wallace is a member of one or more of the company defendants.

10.    Defendant McMillan is the sole owner of one or more of the company defendants.

11.    Defendant McMillan is a part owner of one or more of the company defendants.

12.    Defendant McMillan is the sole member of one or more of the company defendants.

13.    Defendant McMillan is a member of one or more of the company defendants.

14.    Defendant Wallace is personally liable for the FLSA violations alleged herein, and has "acted as an employer" within the meaning of the FLSA as alleged in paragraph 5, by committing the following acts and/or omissions: By having the individual plaintiffs and similarly situated employees regularly perform 40 or more hours of work per week without the payment of overtime ("time and one-half pay") for all hours they worked in excess of 40 hours per week and by failing to have all such persons always paid at least the hourly minimum wage for non-overtime hours, as required by the FLSA.   Such circumstances and policies were imposed by defendants pursuant to Wallace's orders and/or with Wallace's express assent and knowledge despite Wallace being aware such policies were in violation of the FLSA and Wallace as the sole or part owner of defendants and controlling executive officer of the company defendants having the ability and authority to stop such violations of the FLSA; and in continuing to have defendants violate the FLSA and/or allow such violations, as alleged herein, despite having the authority and ability to stop such violations, such failure to act and/or inform himself of the illegality of such actions being intentional and/or willful and/or wanton and reckless as the profitability of

defendants' business and defendant Wallace's personal enrichment was advanced by such violations of the FLSA and the defendant Wallace substantially profited from the defendants' FLSA violations and as a result took no actions to prevent or correct such violations.

15.    Defendant McMillan is personally liable for the FLSA violations alleged herein, and has "acted as an employer" within the meaning of the FLSA as alleged in paragraph 5, by committing the following acts and/or omissions: By having the individual plaintiffs and similarly situated employees regularly perform 40 or more hours of work per week without the payment of overtime ("time and one-half pay") for all hours they worked in excess of 40 hours per week and by failing to have all such persons always paid at least the hourly minimum wage for non-overtime hours, as required by the FLSA.   Such circumstances and policies were imposed by defendants pursuant to McMillan's orders and/or with McMillan's express assent and knowledge despite McMillan being aware such policies were in violation of the FLSA and McMillan as the sole or part owner of defendants and controlling executive officer of the company defendants having the ability and authority to stop such violations of the FLSA; and in continuing to have defendants violate the FLSA and/or allow such violations, as alleged herein, despite having the authority and ability to stop such violations, such failure to act and/or inform himself of the illegality of such actions being intentional and/or willful and/or wanton and reckless as the profitability of defendants' business and defendant McMillan's personal enrichment was advanced by such violations of the FLSA and the defendant McMillan substantially profited from the defendants' FLSA violations and as a result took no actions to prevent or correct such violations.

16.    The business activities undertaken by the defendants constitute a single "enterprise" as that term is defined by 29 U.S.C. § 203(r) in that defendants conduct a unified operation of their restaurant/food service businesses under the common control of one or both of the individual defendants who impose the FLSA violations at issue

upon the operations of those business and conduct such business through overlapping and interchangeable management and/or other personnel and/or materials and/or systems and decision-making by the individual defendants.

17.     The company defendants as a single FLSA enterprise and individually engage in a for-profit business of operating restaurants and providing food services which has gross revenue in excess of $500,000 per annum and are engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are employers subject to the jurisdiction of the FLSA.

**CLASS ACTION AND COLLECTIVE ACTION ALLEGATIONS**

18.   This is a class and collective action brought on behalf of all persons who worked for the defendants within the last three years in defendants' restaurant and food services business in respect to the FLSA claims made herein and within such other applicable statute of limitations that governs the claims made under Nevada Law.

19.     The class and collective action may include one or more sub-classes consisting if the Court finds that more manageable.

20.     Upon information and belief, there are no collective bargaining agreements applicable to the plaintiff and/or members of the proposed plaintiff class which waive the provisions of Article 15, Section 16 of the Constitution of the State of Nevada or any other protections afforded to employees by Nevada law.

21.     The plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. §23 on behalf of themselves and a class of all similarly situated persons employed by the defendants in the State of Nevada.

22.     The class of similarly situated persons for Fed. R. Civ. P. 23 purposes consists of all persons employed by defendants within two years of the commencement of this case or commencing on such other date that is found applicable, and continuing until date of judgment, such persons also being employed in defendants' restaurant and

food service business except for such time periods when those persons may have been employed in a salary compensated position that is exempt from the FLSA's overtime pay requirements.

23.    A common circumstance of the defendants' restaurant and food service employees giving rise to the Nevada state law class action allegations and the Fair Labor Standards Act collective action allegations is that while they were employed by defendants those employees were not paid the minimum wage required by Nevada's Constitution, Article 15, Section 16 for many or most of their work weeks that they worked in that their hourly compensation, when calculated pursuant to the requirements of said Nevada Constitutional provision and the FLSA did not equal at least the minimum hourly wage required by those laws.  An additional common circumstances of those employees is that they were not in many or most of their work weeks paid the overtime ("time and one-half") pay required by the FLSA and NRS 608.018.  An additional common circumstance is that for some of those employees, who received tips from customers, had their tips taken from them by defendants or used by the defendants in violation of the FLSA.

24.    Pursuant to Section 16(b) of the FLSA the individual plaintiffs bring this Complaint as a collective action (also commonly referred to as an "opt-in" class), on behalf of themselves and all persons similarly situated, to wit a putative class of restaurant and food service workers employed by the defendants during the three years prior to the filing of this Complaint until entry of judgment after trial, such persons not being paid, on occasion, minimum wages, overtime wages, and their tips in accordance with the FLSA.   Such weeks of work where defendants failed to pay such minimum wages, overtime wages, and tips are known to defendants who possess the representative plaintiffs' working time and compensation records.  One such specific two weeks of work for the individual plaintiff Brianna Basilo is detailed in paragraph 25.

25.    One cause of the defendants' afore-alleged violations of the FLSA and

Nevada Law was its policy of requiring tipped workers to pay to the defendants and have deducted from their checks 3% or some other portion of all credit card sales to the customers they served.  Because such tipped workers were only paid at or a little more than the minimum hourly wage required by Nevada Law, once that deduction was factored in those tipped workers were being paid less than the minimum wage (such policy by defendants also consituting an illegal tip-taking in violation of the FLSA).  For example, the plaintiff Brianna Basilo for the two week pay period of May 12, 2022, to May 25, 2022, was recorded in defendants' payroll records as working a total of 61.67 hours and being paid for those hours a total of $662.95 in wages at $10.75 an hour.  Yet during that same period the defendants claimed to be owed $344.91 from that plaintiff as a "credit card fee" and from those same earnings did so deduct at least $318.04 from what they paid such plaintiff, issuing her a paystub indicated she was receiving "net pay" of $0.00.   As a result, such plaintiffs' hourly pay for that period was no more than $5.59 per hour ($662.95 in wages minus $318.04 = $344.91/61.67 hours), an amount far below the hourly minimum wage required by Nevada Law and the FLSA.  To the extent that $318.04 deduction was intended to be, or was, a deduction from such plaintiff's tip earnings that deduction was a violation of the FLSA.

26.    The named plaintiffs are informed and believe, and based thereon alleges that there are at least 100 putative class action members.  The actual number of class members is readily ascertainable by a review of the defendants' records through appropriate discovery.

27.    There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

28.    Proof of a common or single set of facts will establish the right of each member of the class to recover.  These common questions of law and fact predominate over questions that affect only individual class members.  The individual plaintiffs' claims are typical of those of the class.

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action.  This type of case is uniquely well-suited for class treatment since the employer's practices were uniform and the burden is on the employer to establish that its method for compensating the class members complies with the requirements of Nevada law and the FLSA.

30.     The individual plaintiffs will fairly and adequately represent the interests of the class and has no interests that conflict with or are antagonistic to the interests of the class and has retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of the class.

31.     The individual plaintiffs and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

32.     There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendant and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  In addition, the class members' individual claims are small in amount and they have no substantial ability to vindicate their rights, and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

**AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS**

33.     The named plaintiffs bring this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all persons who have filed, or will file,

1  their written consents with the Court to join this lawsuit and against all defendants

2  including the individual defendants.

3       34.     Pursuant to the applicable provision of the FLSA, 29 U.S.C. § 206, the

4  named plaintiff and the members of the proposed plaintiff class were entitled to a

5  minimum hourly wage.  The plaintiff and the members of the proposed plaintiff class

6  did not, during every work week, receive the minimum wage of at least $7.25 an hour

7  required by Section 206 of the FLSA.

8       35.     While employers under the FLSA can avail themselves of a "tip credit"

9  against the minimum wage, allowing them under certain circumstances to pay a

10  minimum hourly wage of less than $7.25 an hour to employees who receive tips,

11  defendants could not claim that tip credit in respect to the plaintiffs and those similarly

12  situated.   Defendants could not claim such a "tip credit" because they failed to comply

13  with 29 U.S.C. § 203(m) and the regulations issued thereunder which requires that the

14  plaintiffs be advised of the defendants' use of the tip credit and the tips plaintiff and

15  those similarly situated receive be completely retained by such employees and *not* be

16  taken or used by their employer for any purpose.  Defendants failed to comply with

17  such requirement of the FLSA rendering defendants ineligible to claim any tip credit

18  under  29 U.S.C. § 203(m) and required that they pay the plaintiff and those similarly

19  situated the full FLSA minimum wage of at least $7.25 an hour for every hour worked

20  during every work week.

21       36.     Commencing March 23, 2018 the provisions of 29 U.S.C. § 203(m) were

22  amended to prohibit employers from using or taking any tips earned by their

23  employees for any purpose, even if the employee was earning a wage in excess of

24  $7.25 an hour.  During certain periods of time the named plaintiff(s) were forced to

25  pay over a certain portion of their tips to defendants and those tips were not placed in

26  or distributed in a "tip pool" for employees that was compliant with the FLSA and

27  such practices by the defendants  constituted an improper use or retention of employee

28  tips by defendants in violation of the FLSA.

37.     Defendants also failed during certain workweeks to pay the plaintiffs and those similarly situated time and one-half their regular rate of pay for all hours worked in excess of 40 hours per week, in violation of the FLSA's overtime pay requirements.

38.     Defendants' violations of the FLSA were willful and intentional as the individual defendants were well aware they needed to comply with the FLSA and took intentional and purposeful actions to avoid paying the wages required by the FLSA. Those actions included reducing, for payroll purposes, the number of hours plaintiffs and those similarly situated were recorded to have worked and having paychecks issued accordingly indicating that such persons were working fewer hours than they actually had worked, as initially recorded and as defendants were aware they had actually worked.

39.     The plaintiff, on behalf of themselves and all other similarly situated persons who consent in writing to join this action, seeks, on this First Claim for Relief, a judgment for unpaid minimum wages, unpaid overtime wages, improperly taken tips, and additional liquidated damages of 100% of those amounts, such sums to be determined based upon an accounting of the hours worked by the plaintiff and any such other persons who consent to join this action, and the wages they were paid and the tips that were improperly taken, and the plaintiff also seeks an award of attorneys' fees, interest and costs as provided for by the FLSA.

**AS AND FOR A SECOND CLAIM FOR RELIEF UNDER THE NEVADA CONSTITUTION AGAINST THE COMPANY DEFENDANTS**

40.     The named plaintiffs repeat all of the allegations previously made and brings this Second Claim for Relief pursuant to Article 15, Section 16, of the Nevada Constitution against defendants Wallace Enterprises LLC and 5Ws LLC only.

41.     Pursuant to Article 15, Section 16, of the Nevada Constitution the named

plaintiff and the class members were entitled to an hourly minimum wage for every hour that they worked for the company and the named plaintiff and the class members were often not paid such required minimum wages, in that for some of the weeks they worked, the plaintiff's and the class members' wages did not equal either the minimum hourly wage required by the Nevada Constitution with certain such persons during certain weeks being paid no wages whatsoever (working only for tips received from customers).

42.    The Company Defendants' violation of Article 15, Section 16, of the Nevada Constitution involved malicious and/or dishonest and/or oppressive conduct by such defendants sufficient to warrant an award of punitive damages, in that such defendants were well aware they owed minimum wages to their employees but engaged in an intentional and willful scheme to not pay those minimum wages by engaging in various dishonest artifices including creating false payroll statements that they were aware were false and creating a work environment that caused their employees to understand they would lose their employment if they protested such defendants' failure to pay such minimum wages.

43.    The named plaintiffs seek all relief available to them and the alleged class under Nevada's Constitution, Article 15, Section 16 including appropriate injunctive and equitable relief to make the Company Defendants cease their violations of Nevada's Constitution and a suitable award of punitive damages.

44.    The named plaintiffs on behalf of themselves and the proposed plaintiff class members, seek, on this Second Claim for Relief, a judgment against the Company Defendants for minimum wages owed and continuing into the future, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiffs and the class members along with suitable injunction and other equitable relief barring continuing violations of Nevada's Constitution, a suitable award of punitive damages, and an award of attorneys' fees, interest and costs, as provided for by Nevada's Constitution and other applicable laws.

1

2

**AS AND FOR A THIRD CLAIM FOR RELIEF PURSUANT TO NRS § 608.040**
**AND NRS § 608.050  ON BEHALF OF THE NAMED PLAINTIFF**
**AND THE PUTATIVE CLASS AGAINST THE COMPANY DEFENDANTS**

3

4

45.    The named plaintiffs repeat all of the allegations previously made and

5

brings this Third Claim for Relief pursuant to Article 15, Section 16, of the Nevada

6

Constitution against defendants Wallace Enterprises LLC and 5Ws LLC only pursuant

7

to Nevada Revised Statutes § 608.040 and § 608.050 on behalf of themselves and the

8

alleged class of all similarly situated employees of the Company Defendants.

9

46.   The named plaintiff has been separated from their employment with the

10

Company Defendants prior to the filing of the instant action, and at the time of such

11

separation were owed unpaid wages by the Company Defendants, including the unpaid

12

minimum wages and overtime wages alleged herein.

13

47.  The Company Defendants have failed and refused to pay the named plaintiff

14

and numerous members of the putative plaintiff class who are the former employees of

15

the Company Defendants their earned but unpaid wages, such conduct by the

16

Company Defendants constituting a violation of Nevada Revised Statutes § 608.020,

17

or § 608.030 and giving such named plaintiff and similarly situated members of the

18

putative class of plaintiffs a claim and/or lien against the Company Defendants for a

19

continuation after the termination of their employment with the Company Defendants

20

of their normal daily wages, until such earned but unpaid wages are actually paid or

21

for 30 days, as such claim and/or lien, whichever is less, pursuant to Nevada Revised

22

Statutes § 608.040 and Nevada Revised Statutes § 608.050.

23

24

48.    As a result of the foregoing, the named plaintiff seeks on behalf of

25

themselves and the similarly situated putative plaintiff class members a judgment

26

against the Company Defendants for the wages owed to them and such class members

27

as prescribed by Nevada Revised Statutes § 608.040, for a sum equal to up to thirty

28

1  days wages, and as prescribed by Nevada Revised Statutes § 608.050, for a sum equal

2  to up to 30 days wages, along with interest, costs and attorneys' fees.

3

4       WHEREFORE, plaintiff demands the relief on each cause of action as alleged

5  aforesaid, together with costs, interest, attorney's fees and such other relief as the

6  Court deems just.

7

8       Plaintiff demands a trial by jury on all issues so triable.

9

10       Dated this 12th day of September, 2022

11

12                 Leon Greenberg Professional Corporation

13

14                 By: */s/ Leon Greenberg*
               LEON GREENBERG, Esq.

15                 Nevada Bar No.: 8094
               2965 South Jones Blvd- Suite E3

16                 Las Vegas, Nevada 89146
               (702) 383-6085

17                 Attorney for Plaintiff

13

CONSENT TO JOINDER

Jennifer Lorraine Basilio, by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

_____
Jennifer Lorraine Basilio

CONSENT TO JOINDER

Brianna Wray Basilio, by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

_____
Brianna Wray Basilio